**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**HELENA DIVISION**

| | |
|---|---|
| CAMERON MCBRYDE,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG THOMAS, FERN OSLER, JULIE THOMAS, MEAGHAN SHONE, TIM KRUMB, MONTANA DEPARTMENT OF CORRECTIONS, MONTANA BOARD OF PARDONS AND PAROLE, NEXUS TREATMENT CENTER, COMMUNITY CORRECTIONS AND COUNSELING SERVICES, HOWARD LAMELY, DERRICK GIBBS, and JOHN DOES,<br><br>Defendants. | Cause No. CV 12-00076-H-DLC-RKS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## I. SYNOPSIS

Cameron McBryde, a state prisoner proceeding without counsel, filed a

1

Complaint alleging Defendants violated his rights under the First Amendment Establishment Clause by forcing him to participate in a program that mandated religious activities. C.D. 2, pp. 13-14. Mr. McBryde's allegations state a claim for relief as to Defendants Craig Thomas, Fern Osler, Julie Thomas, Meaghan Stone, Nexus Treatment Center, Community Corrections and Counseling Services, Howard Lamely, and Derrick Gibbs. The Complaint requires a response from those Defendants.

The Complaint fails to state a claim as to the "John Doe Defendants" because it does not allege specific wrongdoing by those Defendants. The "John Doe Defendants" should be dismissed without prejudice. Mr. McBryde may amend the Complaint to allege specific wrongful conduct by the "John Doe Defendants."

The State of Montana, the Montana Department of Corrections, and the Montana Board of Pardons and Parole are state agencies, which are immune from suit in federal court. They should be dismissed with prejudice.

Mr. McBryde also filed a motion for the appointment of counsel (C.D. 3). It will be denied without prejudice because Mr. McBryde has not yet shown exceptional circumstances to warrant a request for counsel.

## II. JURISDICTION

Mr. McBryde filed this action in federal court. C.D. 2. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). The Complaint presents a federal question under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, United States District Court Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

### III. STATUS

Mr. McBryde is a prisoner proceeding in forma pauperis. C.D. 2. His Complaint must be reviewed before it is served on the defendants under to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915, 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2). This is the pre-service review.

### IV. STANDARDS

**A. Stating a claim**

A complaint fails to state a claim on which relief can be granted if it does not allege sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Leave to amend**

Because the "John Doe Defendants" are recommended for dismissal (see discussion below), it is appropriate to consider whether Mr. McBryde should be granted leave to amend his Complaint in an attempt to state a claim against those Defendants. Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court may dismiss a complaint without granting leave to amend where a plaintiff's proposed amendments would be futile. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The court liberally construes pro se pleadings. See Eldridge v.

Block, 832 F.2d 1132, 1137 (9th Cir.1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

**C.  Establishment Clause**

Congress shall make no law respecting an establishment of religion.  U.S. Const. Amend. I.  Coercing someone to participate in religious activities is a violation of the Establishment Clause of the First Amendment.  Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007). "It is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise."  Lee v. Weisman, 505 U.S. 577, 587 (1992).

The Ninth Circuit has found that compelling prisoners to participate in "Alcoholics Anonymous" or "Narcotics Anonymous" programs is unconstitutionally coercive.  Inouye, 504 F.3d at 713; see also Warner v. Orange County Dept. of Probation, 115 F.3d 1068 (2nd Cir. 1997), Kerr v. Farrey, 95 F.3d 472 (7th Cir. 1996).

## V.  FACTS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support.  Unsupported legal conclusions,

5

however, are disregarded.

Mr. McBryde alleges the Montana Board of Pardons and Parole conditioned his parole on his placement in the Nexus Treatment Center, which includes religious components such as the Alcoholics Anonymous program, group prayer, religious discussions and mandatory assignments dealing with religion. C.D. 2, p. 7. Mr. McBryde alleges that he was not offered a purely secular alternative to the Nexus Treatment Facility. C.D. 2, p. 6, ¶ IV(A)(2). The State of Montana - Board of Pardons and Parole – Final Board Dispositions for August 2011 provides the following disposition of Mr. McBryde's parole request: "Parole denied. Review 8-2013. Enter NEXUS followed by pre-release; request a return in pre-release." http://bopp.mt.gov/dispositions/final_board_dispositions_fy2012.mcpx.[1]

Mr. McBryde alleges Defendant Derrick Gibbs, a treatment staff member with the Nexus Treatment Center, coerced him to participate in religious activities to which Mr. McBryde objected, under threat of prison. C.D. 2, p. 6, ¶ IV(A)(2). Within a few days of Mr. McBryde's arrival at Nexus he met with Mr. Gibbs and

---

[1] A court may take judicial notice of matters of public record. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir. 2004).

complained that he was not comfortable with AA/NA[2] discussions and teachings about "God" and "Higher Power" and they were "against his religion." C.D. 2, p. 7. He alleges that throughout his approximately 70 days at Nexus, Mr. Gibbs continuously threatened him with prison if he did not show outward signs that he accepted teachings about God, higher powers, powerlessness, and spirituality and participate fully in the various religious activities at Nexus. C.D. 2, pp. 7-8.

Mr. McBryde alleges he was forced to sit in "sacred circles" where religious concepts about God and higher powers were taught and meditations and prayers were read. He alleges he was expected to share positive reflections and goals for the day based on these religious teachings, prayers, and meditations. This happened several times daily and every morning during "family meetings" chaired by Mr. Gibbs. He was also ordered to recite the AA serenity prayer even after voicing his opposition to it. C.D. 2, p. 8.

Mr. McBryde alleges Defendant Howard Lamely, Director of the Nexus Program, forced him, under threat of prison, to participate in religious activities to which he objected. C.D. 2, p. 6, ¶ IV(A)(2). Mr. McBryde alleges he was interviewed by Mr. Lamely about his religious views on salvation and other

---

[2]Presumably Mr. McBryde is referring to Alcoholics Anonymous and Narcotics Anonymous, but these terms were not defined in the Complaint.

theological concepts. Mr. Lamely informed Mr. McBryde that he would be sent back to prison to serve the remainder of his time if he did not embrace the Nexus program teachings. C.D. 2, p.8.

Mr. McBryde alleges that Montana State Prison Institutional Probation and Parole Officer Tim Krumb, Parole Board Analyst Meaghan Shone, and Senior Parole Board Analyst Julie Thomas all informed Mr. McBryde in writing that despite his protests to the religious teachings at Nexus he would not be given an alternative and that Nexus was his only release option. C.D. 2, p. 10.

In April 2012, Mr. McBryde wrote Fern Osler at the Board of Pardons and Parole indicating he was unable to return to Nexus due to his opposition to the religious elements of the program. Julie Thomas replied that Nexus was his only release option. C.D. 2, pp. 10-11.

## VI. ANALYSIS

**A. Eleventh Amendment Immunity**

The State of Montana, the Montana Department of Corrections, and the Montana Board of Probation and Parole are immune to a lawsuit in federal court under the Eleventh Amendment to the United States Constitution. U.S. Const. Amend. XI; Edelman v. Jordan, 415 U.S. 651, 664 (1974); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). These Defendants should be dismissed

with prejudice. [3]

The Eleventh Amendment does not bar suits for injunctive relief against state officials in their official capacity. Idaho v. Couer d'Alene Tribe, 521 U.S. 261 (1997); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). Mr. McBryde has named as defendants state officials on the Montana Board of Pardons and Parole: Craig Thomas, Fern Osler, Julie Thomas and Meaghan Stone. Mr. McBryde's Complaint is construed to name those Defendants in their capacities as state officials. They are not immune from injunctive relief under the 11th Amendment.

**B. Establishment Clause**

Mr. McBryde alleges his First Amendment rights under the Establishment Clause were violated and are currently being violated when he was placed in the Nexus Treatment Facility as a parole condition. Those allegations state a claim for relief. Inouye, 504 F.3d at 712. They are not frivolous or malicious. They do not seek solely monetary relief from a defendant who is immune. See 28 U.S.C. §§ 1915(e)(2), 1915A(b). Mr. McBryde has a reasonable opportunity to prevail on the

---

[3] The State of Montana is not named in the "Parties" section of the Complaint but it is listed in the style of the case. It is not clear whether Mr. McBryde intended to name the State of Montana as a Defendant but regardless, the State is entitled to immunity under the Eleventh Amendment and should be dismissed.

9

merits if the allegations of the complaints are proven. See 42 U.S.C. § 1997e(g). Mr. McBryde's allegations warrant a response from Defendants Craig Thomas, Fern Osler, Julie Thomas, Meaghan Shone, Tim Krumb, Nexus Treatment Center, Community Corrections and Counseling Services, Howard Lamely, and Derrick Gibbs. The Complaint will be served on those Defendants.

### C. John Doe Defendants

Mr. McBryde has named "John Doe Defendants" who are identified as Parole Board Members. C.D. 2. A plaintiff may name fictitious defendants and may to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "While Doe pleading is disfavored, it is not prohibited in federal practice." Lopes v. Vieira, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

Mr. McBryde does not allege specific conduct by the "John Doe Defendants." Therefore his Compliant fails to state a claim as to the "John Doe Defendants." The unnamed defendants must recommended for dismissal without prejudice. 28 U.S.C. § 1915(e)(2). However, it may be possible to cure this defect by alleging specific wrongful conduct by the "John Doe Defendants." Therefore Mr. McBryde is entitled to an opportunity to amend his Complaint. Lucas, 66 F.3d

at 248. Once a responsive pleading is filed by the remaining defendants, the Court will issue a Scheduling Order setting forth a deadline to amend pleadings. Mr. McBryde may amend his Complaint prior to that deadline.

## VII. MOTION FOR APPOINTMENT OF COUNSEL

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). In fact, unlike in criminal cases, the statute that applies does not give a court the power to simply appoint an attorney. The Court can only request counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989). Further, much different from a criminal case, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

11

Terrell, 935 F.2d at 1017 (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Although the Complaint will be served upon Defendants, Mr. McBryde has not yet made an adequate showing to warrant a request of counsel. Mr. McBryde argues he is not able to afford counsel, the issues are complex, he has limited access to legal materials, the case may require expert testimony and analysis, the case will require discovery of documents and depositions of dozens of witnesses, and he has no legal education. C.D. 3, pp. 2-3.

Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony. However, this is not the test. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) overruled on other grounds Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998)(en banc). Plaintiffs representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily. This alone does not deem a case complex. See Wilborn, 789 F.2d at 1331. Factual dispute and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel. Rand, 113 F.3d at 1525.

A litigant's performance in the case may also be considered in determining whether to request counsel. Plummer v. Grimes, 87 F.3d 1032, 1033 (9th Cir.

1996)). In this case, Mr. McBryde has shown he is able to articulate his position.

It is **ORDERED:**

1. Mr. McBryde's Motion for the Appointment of Counsel C.D. 3 is denied without prejudice.

2. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Craig Thomas, Fern Osler, Julie Thomas, Meaghan Shone, Tim Krumb, Nexus Treatment Center, Community Corrections and Counseling Services, Howard Lamely, and Derrick Gibbs to waive service of summons of Mr. McBryde's Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[4] The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**. If these Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). See also 42 U.S.C. § 1997e(g)(2).

3. The Clerk of Court shall forward the documents listed below to the

---

[4]As the State of Montana, the Montana Department of Corrections, the Montana Board of Pardons and Parole, and all John Doe defendants have been recommended for dismissal, they are not required to file a responsive pleading at this time.

13

Defendants Craig Thomas, Fern Osler, Julie Thomas, Meaghan Stone, Howard Lamely, Derrick Gibbs, Community Corrections and Counseling Services, and Nexus Treatment Center:

* Complaint C.D. 2;
* this Order,
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons

Should counsel for these Defendants determine they do not represent Defendants, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. See D. Mont. L.R. 12.2.

4. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

5. Pursuant to Fed.R.Civ.P. 5(d)(1), all documents presented for the Court's

consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

6. Mr. McBryde shall not make any motion for default until at least seventy (70) days after the date of this Order.

7. At all times during the pendency of this action, Mr. McBryde SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Mr. McBryde has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

1. The Montana Department of Corrections, the Montana Board of Pardons

and Parole, and the State of Montana should be dismissed with prejudice.

2. All John Doe defendants should be dismissed without prejudice.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. McBryde may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. McBryde files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. McBryde from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections

may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of November, 2012.

                                            /s/ Keith Strong
                                            Keith Strong
                                            United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO: Craig Thomas
    Fern Osler
    Julie Thomas
    Meaghan Shone
    Montana Board of Pardons and Parole
    1002 Hollenbeck Road
    Deer Lodge, MT 59722

    Legal Counsel for the
    Montana Department of Corrections
    P.O. Box 201301
    Helena, MT 59620-1301

    Community Corrections and
    Counseling Services
    471 East Mercury
    Butte, MT 59701

    Nexus Treatment Center
    Howard Lamely
    Derrick Gibbs
    P.O. Box 1200
    Lewistown, MT 59457

   A lawsuit has been commenced by an incarcerated pro se plaintiff against the following: Craig Thomas, Fern Osler, Julie Thomas, Meaghan Shone, Tim Krumb, Nexus Treatment Center, Community Corrections and Counseling Services, Howard Lamely, and Derrick Gibbs. A copy of the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-12-00076-H-DLC-RKS. The Court has completed its pre-screening and concludes that these Defendants must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

   This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

   If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the Complaint personally on Defendants and may impose the full costs of such service.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

    The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: <u>McBryde v. Thomas, et al.</u>, Civil Action No. CV-12-00076-H-DLC-RKS filed in the United States District Court for the District of Montana. Defendants have also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring the following individuals be served with judicial process as provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

    The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand that judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

    I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____  _____
DATE                                           SIGNATURE

                                                     _____
                                                     PRINTED/TYPED NAME

                                                     _____

                                                     _____
                                                     ADDRESS