

**FILED**

JAN 22 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| CAMERON MCBRYDE, ) | CV 12-76-H-DLC-RKS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CRAIG THOMAS, FERN OSLER, JULIE ) | |
| THOMAS, MEAGHAN SHONE, TIM ) | |
| KRUMB, MONTANA DEPARTMENT OF ) | |
| CORRECTIONS, MONTANA BOARD OF ) | |
| PARDONS AND PAROLE, NEXUS ) | |
| TREATMENT CENTER, COMMUNITY ) | |
| CORRECTIONS AND COUNSELING ) | |
| SERVICES, HOWARD LAMELY, ) | |
| DERRICK GIBBS, and JOHN DOES, ) | |
| ) | |
| Defendants. ) | |

United States Magistrate Judge Keith Strong entered Findings and

Recommendation on November 27, 2012, and recommended dismissing

-1-

Defendants Montana Department of Corrections, the Montana Board of Pardons and Parole, and the State of Montana with prejudice. He also recommended dismissing all John Doe Defendants without prejudice. None of the parties timely objected to the Findings and Recommendation, and so have waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

McBryde alleges Defendants violated his constitutional rights by forcing him to participate in a program that mandated religious activities. Judge Strong found the allegations state a claim for relief as to certain Defendants as follows: Craig Thomas, Fern Osler, Julie Thomas, Meaghan Stone, Nexus Treatment Center, Community Corrections and Counseling Services, Howard Lamely, and Derrick Gibbs. However, he found that Defendants Montana Department of Corrections and Montana Board of Probation and Parole are immune to a lawsuit in federal court under the Eleventh Amendment to the United States Constitution. Judge Strong included the State of Montana in his finding of immunity because it was a listed Defendant in the caption of McBryde's Complaint, but was not listed

as a party. Judge Strong recommended that these Defendants be dismissed with prejudice. Further, Judge Strong found that McBryde's allegations against the John Doe Defendants fail to state a claim because they state no specific conduct. He recommended that the John Doe Defendants be dismissed without prejudice. After a review of Judge Strong's Findings and Recommendation, I find no clear error. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (doc. 8) are adopted in full.

IT IS FURTHER ORDERED that Defendants Montana Department of Corrections, Montana Board of Pardons and Parole, and the State of Montana are DISMISSED WITH PREJUDICE. All John Doe Defendants are DISMISSED WITHOUT PREJUDICE.

DATED this 22nd day of January, 2013.

Dana L. Christensen, District Judge
United States District Court