IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CAMERON MCBRYDE,<br><br>               Plaintiff,<br><br>    vs.<br><br>CRAIG THOMAS, FERN OSLER,<br>JULIE THOMAS, MEAGHAN<br>SHONE, TIME KRUMB, NEXUS<br>TREATMENT CENTER,<br>COMMUNITY CORRECTIONS<br>AND COUNSELING SERVICES,<br>HOWARD LAMELY, and DERRICK<br>GIBBS,<br><br>               Defendants. | CV 12–76–H –DLC<br><br><br>ORDER<br><br><br><br># FILED<br>NOV 2 7 2013<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

Plaintiff Cameron McBryde is a prisoner proceeding in forma pauperis under 42 U.S.C. § 1983, alleging Defendants violated his rights under the Establishment Clause of the United States Constitution. Defendants Community Corrections and Counseling Services, Nexus Treatment Center, Howard Lamely, and Derek Gibbs' (hereinafter "Defendants") moved for summary judgment on the grounds that Mr. McBryde did not exhaust the available grievance procedure and that they are not state actors who can be sued under Section 1983. (Doc. 31.) United States Magistrate Judge Keith Strong entered findings and

1

recommendations on November 7, 2013, in which he recommended denying Defendants' motion. (Doc. 49.)

Defendants did not timely object to the findings and recommendations, and so have waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Defendants argue that they are not state actors for the purposes of Section 1983. Judge Strong found that because the Defendants perform functions typically attributed to the state—specifically, housing and providing security for individuals who have been convicted of crimes and sentenced to a term of imprisonment—they are state actors for the purposes of Section 1983.

Defendants also move for summary judgment on the grounds that Mr. McBryde did not exhaust the available grievance procedures prior to bringing a Section 1983 suit in federal court as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Mr. McBryde alleges that he did not have access to a grievance process for his concerns related to the Nexus program after he was

removed from the program and returned to prison. Judge Strong found that because Defendants did not address this issue, it was not possible to determine whether Mr. McBryde had available administrative remedies to grieve his issues at the Nexus program once he was returned to prison. Accordingly, Judge Strong recommended that the Court deny the motion for summary judgment based upon failure to exhaust the available grievance procedures.

After a review of Judge Strong's findings and recommendations, I find no clear error. Accordingly,

IT IS ORDERED that Judge Strong's findings and recommendations (Doc. 49) is ADOPTED in full, and that Defendants' motion for summary judgment (Doc. 31) is DENIED.

Dated this **27**<sup>th</sup> day of November, 2013.

Dana L. Christensen, Chief Judge
United States District Court