IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CAMERON MCBRYDE,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG THOMAS, FERN OSLER, JULIE THOMAS, MEAGHAN SHONE, TIM KRUMB, MONTANA DEPARTMENT OF CORRECTIONS, MONTANA BOARD OF PARDONS AND PAROLE, NEXUS TREATMENT CENTER, COMMUNITY CORRECTIONS AND COUNSELING SERVICES, HOWARD LAMELY, DERRICK GIBBS, and JOHN DOES,<br><br>Defendants. | CV 12-00076-H-DLC-RKS<br><br>ORDER GRANTING MOTION IN LIMINE AND DENYING MOTION FOR SANCTIONS |

Pending are the Nexus Defendants' Motion in Limine (Doc. 51) and Plaintiff Cameron McBryde's Motion for Sanctions. (Doc. 72.) The Court first notes that neither motion contains the requisite language from Local Rule 7.1 which requires as a precondition of filing that "[t]he text of the motion must state that other parties have been contacted and state whether any party objects to the motion." L.R. 7.1(c)(1). While this is a sufficient basis upon which to deny both motions, the Court will address the merits of the motions. However, further motions that do not comply with Local Rule 7.1 must be denied.

1

The Nexus Defendants have moved to preclude the mention or reference to insurance or settlement negotiations at trial pursuant to Rules 401, 402, 403, and 411 of the Federal Rules of Evidence. (Doc. 51, 52.) Mr. McBryde's only response to the motion is Defendants have already made reference to settlement negotiations in their response to his request for mediation. (Doc. 73.) Defendants are only seeking to preclude the mention of insurance and settlement at trial. At this time, there is no apparent reason why such information would be relevant to the issues at trial. The motion will be granted.

Mr. McBryde seeks sanctions against Assistant Attorney General Rob Stutz for attaching an irrelevant exhibit to the State Defendants' Motion for Summary Judgment. (Doc. 72.) Defendants admit that the exhibit is irrelevant and have withdrawn the exhibit but argue sanctions are inappropriate as Mr. McBryde failed to comply with the "safe harbor" provision of Rule 11. Rule 11(c)(2) provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Given that Defendants have agreed to withdraw the exhibit, it is clear that the motion would have been unnecessary had Mr. McBryde complied with this rule.

The motion will be denied.

It is **ORDERED**:

1. The Nexus Defendants' Motion in Limine (Doc. 51) is granted.

2. Mr. McBryde's Motion for Sanctions (Doc. 72) is denied.

3. At all times during the pendency of this action, Mr. McBryde shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 31st day of December, 2013.

                                             */s/ Keith Strong*
                                             Keith Strong
                                             United States Magistrate Judge