IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CAMERON MCBRYDE,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG THOMAS, FERN OSLER, JULIE THOMAS, MEAGHAN SHONE, TIM KRUMB, NEXUS TREATMENT CENTER, COMMUNITY CORRECTIONS AND COUNSELING SERVICES, HOWARD LAMELY, and DERRICK GIBBS,<br><br>Defendants. | CV 12-76-H-DLC-RKS<br><br>Findings and Recommendations to Grant Defendants' Motions for Summary Judgment |

## I. Synopsis

Mr. McBryde alleged the State of Montana violated his constitutional rights by conditioning his parole on completion of an addiction treatment program with religious elements. The facts revealed in discovery, including Mr. McBryde's deposition testimony, show that Mr. McBryde's parole was not conditioned on any religious activity. He was simply advised to participate in a drug treatment program that he himself suggested. Mr. McBryde has not come forward with substantial evidence to establish a genuine issue of material fact. His complaint

1

should be dismissed.

## II. Jurisdiction

Mr. McBryde filed suit in federal court, in the Helena Division of the District of Montana. Doc. 2. Venue is proper, as Mr. McBryde is suing members of the Board of Pardons and Parole, which is a state entity based in Lewis and Clark County, Montana. Local Rule 1.2(c)(3). The Complaint asserts a claim under 28 U.S.C. § 1983, alleging a violation of the Establishment Clause of the First Amendment of the United States Constitution ,which invokes federal question jurisdiction. 28 U.S.C. § 1331. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). The case is assigned to the Hon. Dana L. Christensen, Chief United States District Court Judge and referred to the undersigned to submit findings and recommendations on dispositive motions. Doc. 23; Local Rule 72.2(a)(1).

## III. Status

Mr. McBryde filed a Complaint on August 17, 2012. Doc. 2. After the review required by 28 U.S.C. §§ 1915, 1915A, the Complaint was served upon Defendants. Doc. 8. Discovery is now complete. Doc. 46. The Defendants are in two separately represented groups. The first group, the "Nexus Defendants," consists of the Nexus Treatment Center, Community Corrections and Counseling

Services, and Nexus personnel Derrick Gibbs and Howard Lamely.  The second group, the "Prison Defendants," includes Montana State Prison officer Tim Krumb, and Board of Pardons and Parole personnel Fern Osler, Meaghan Shone, Craig Thomas and Julie Thomas.   The unmodified term "Defendants" refers to both groups.

The Nexus Defendants previously moved for summary judgment. Doc. 31.  That motion was denied.  Doc. 65.  All Defendants have now moved for summary judgment on new grounds, via separate motions.  Docs. 53, 57.  Both groups of Defendants properly provided Mr. McBryde with notice of the potentially dispositive motions (*Rand* notice).  Docs. 56, 60.  The motions are fully briefed.  Docs. 54, 55, 58, 59, 67, 68, 69, 70, 71, 76, 77.

## IV.  Standards

**Summary Judgment**

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a.).  The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The materiality determination rests on substantive law. *Id.* A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Adickes,* 398 U.S. at 157.

Once the moving party has made a prima facie showing that it is entitled to summary judgment, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id.* Summary judgment is mandated if, after adequate time for discovery, the party that bears the burden of proof has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

In general, the Court will not consider a new claim raised for the first time in response to a motion for summary judgment. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292–93 (9th Cir.2000). Nevertheless, a plaintiff proceeding *pro se* should be afforded the benefit of any doubt in ascertaining what claims he raised in his complaint and argued to the court in his later filings. *Alvarez v. Hill,* 518 F.3d 1152, 1158 (9th Cir.2008).

**42 U.S.C. § 1983**

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Religious coercion**

In Montana, there is no right to parole. The BOPP has discretion to grant or deny an inmate's parole request based on its opinion as to whether there is a reasonable probability that a prisoner can be released to the community without detriment to the prisoner himself or the community. Mont. Code Ann. § 46-23-201(1); *DaSilva v. Green*, 2011 WL 2581288, *2 (D. Mont. 2011). However, a promise of parole cannot be used to compel an inmate to practice a religion against his or her will. *Inouye v. Kemna*, 504 F.3d 705, 713 (9th Cir. 2007).

"It is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise." *Lee v. Weisman*, 505 U.S. 577, 587 (1992). The Ninth Circuit has adopted a three-part test to determine if there has been governmental coercion of religious activity. *Inouye*, 504 at 713. That test consists of three sequential questions:

1. Has the state acted?

2. Does the action amount to coercion?

3. Is the object of the coercion religious rather than secular?

*Id*.

*Inouye* specifically held that "attendance in [AA/NA] programs may not be coerced by the state." *Id.*

## V. Facts

In February 2010, Mr. McBryde was sentenced to the custody of the Montana Department of Corrections for a term of 15 years, with 10 years suspended. Doc. 31-1 at 2. In August 2011, Mr. McBryde had a parole hearing. Prior to the hearing, he informed the Montana Board of Parole and Pardons (BOPP) that he wanted to attend the Nexus drug rehabilitation program or a similar program that included a faith element. Doc. 54-6. The BOPP denied Mr. McBryde's request for parole, citing his criminal record and poor history under parole or probation supervision. Docs. 54-7; 55-1 ("After careful evaluation of all relevant facts known to the Board . . . the Board denies your parole application or reapplication at this time."). Mr. McBryde apparently misunderstood the denial and "assumed his parole had been approved" subject to his completion of the Nexus program. Doc. 69 at 2. He provides no evidence to support his erroneous view.

The BOPP recommended Mr. McBryde complete an addiction treatment program at the Nexus facility, and enter a pre-release center. Doc. 54-7. Mr. McBryde requested placement at the Nexus program, and was admitted in January 2012. Docs. 54-4, 32-12.

The Nexus program includes religious elements. Doc. 70 at 2. Members typically recite the "Serenity Prayer," and the program incorporates Alcoholics Anonymous and Narcotics Anonymous teachings, which recognize a higher power. Docs. 59-1 at 20-23; 59-2 at 4. Mr. McBryde was not aware of these religious aspects when he applied for acceptance to Nexus. Doc. 70 at 3. He objected to them when he learned of them shortly after beginning the program. Doc. 70 at 2.

Mr. McBryde did not complete the Nexus program. He was terminated from the program in March 2012 for violating various program rules through "attention seeking," "disrupting the treatment process," "defiance," and "manipulation." Doc. 32-12 at 1-2, 8. Mr. McBryde testified in his deposition that he did in fact violate rules, and the rule violations did not consist of refusal to participate in religious activities. Doc. 54-8.

Mr. McBryde had another parole hearing in August 2013. The BOPP again denied parole, and recommended that Mr. McBryde be placed in a pre-release facility. Doc. 54 at 6 (citing public record parole disposition, of which court may

7

and does take judicial notice. *Disabled Rights Action Comm. v. Las Vegas Events Inc.*, 375 F.3d 861, 866 n. 1(9th Cir. 2004)).

## VI. Analysis

Mr. McBryde alleges that Defendants violated his rights under the Establishment Clause of the First Amendment of the United States Constitution by forcing him to either participate in religious practices or remain in prison. He alleges that Defendants coerced him by conditioning his parole from prison on participation in a religious drug treatment program:

> McBryde was given a choice by the defendants: Complete Nexus despite his opposition to the religious elements or remain in prison for his entire 5 year sentence.

Doc. 67 at 8. *See also* Doc. 2 (Complaint) at 6.

Mr. McBryde alleges he was removed from the Nexus program because he refused "to engage in religious acts such as group prayers, meditations and sacred circles." *Id.*

It is now evident that these allegation are untrue. In fact, Mr. McBryde was not coerced to participate in the Nexus program, nor removed from the program for failure to participate in religious exercises. Mr. McBryde's parole was not "conditioned" in 2011 pending completion of Nexus. Mr. McBryde's parole was denied. The BOPP simply made a recommendation – *as Mr. McBryde specifically*

8

*requested* – that Mr. McBryde enroll in the Nexus program. Nothing about the 2011 parole disposition suggests Mr. McBryde was guaranteed parole if he completed Nexus, or that parole was precluded if he did not complete the program. The disposition simply recommends that he participate in the program he requested. Mr. McBryde did have a parole review in August 2013, despite his failure to complete the Nexus program. Therefore his eligibility for parole was not conditioned on completing the program. Nor has Mr. McBryde provided a scintilla of evidence to suggest that he would have received an earlier hearing and been granted parole but for his refusal to participate in religious elements of the Nexus program.

Because Mr. McBryde voluntarily participated in the Nexus program, religious aspects of that program would not violate his rights under the Establishment Clause. Even assuming for summary judgment purposes that Nexus Defendants required Mr. McBryde to participate in religious activities and his refusal to do so contributed to his termination from Nexus[1], his claim fails.

---

[1] Both assumptions are highly dubious. Mr. McBryde's deposition testimony seems to indicate he was excused from religious activities on request, but that the requests and subsequent inquiries made him uncomfortable. See Doc. 69 at 10. Mr. McBryde provided no actual specific instances where he was forced to practice religious activities on threat of expulsion from Nexus, and the Nexus defendants provided substantial evidence that Mr. McBryde was *not* forced into any religious activity. Furthermore, Mr. McBryde admitted that he was terminated from the program not for refusing to participate in religious activities, but for violations of program rules.

In response to the summary judgment motions, Mr. McBryde introduced a new theory: His eligibility for early parole was conditioned on completion of the Nexus program, in violation of the Establishment Clause. New claims in response to a summary judgment motion are generally disregarded. However, Mr. McBryde is entitled to leeway as a pro se litigant, and the new claim is closely related to those presented in his complaint. Nevertheless, it is without merit.

After the 2011 hearing, the BOPP apparently offered Mr. McBryde the possibility of a parole review earlier than his next scheduled review, in 2013, if he completed the Nexus program and entered a pre-release center. Doc. 55 at 6. Reviews occur on a schedule set out by regulation. Mont. Admin. R. § 20.25.402(2). The BOPP may, at its discretion, conduct early reviews in certain circumstances. Mont. Admin. R. § 20.25.402(2). A parole review is simply a review of the inmate's developments to determine if changed circumstances may warrant reconsideration of parole. Mont. Admin. R. § 20.25.402(1)(a). Informing an inmate of a possible early review upon completion of a treatment program does not amount to setting a condition on parole. See *DaSilva v. Green*, 2011 WL 2581288 (D. Mont. 2011). It is simply an acknowledgment of a regulatory provision.

Applying the *Inouye* test makes clear that summary judgment should be

10

granted in favor of the Defendants.

1. **Has the state acted?**

In *Inouye*, the court held that the state "acted" by *requiring* a parolee to attend a religious based treatment program or return to prison. 504 F.3d at 712. Here, the state did no such thing. The BOPP denied Mr. McBryde's parole for several valid reasons, and simply recommended the Nexus program that Mr. McBryde himself proposed. In *Inouye*, the state act consisted of an order to attend AA/NA meetings. *Id*. at 713. Mr. McBryde provides no authority for a recommendation amounting to a state action, and the court has found none.

2. **Does the action amount to coercion?**

Even if the BOPP's recommendation that Mr. McBryde enroll in the Nexus program was an "act," it certainly did not amount to coercion. Unlike in *Inouye* – and contrary to Mr. McBryde's unsupported allegations – Mr. McBryde was not threatened with prison if he chose not to attend the program. He was already in prison, he had already been denied parole, and another parole hearing had already been scheduled. The BOPP simply recommended that Mr. McBryde pursue his plan of attending the Nexus program as as one means of potentially improving his future eligibility for parole. His failure to complete the program did not vacate his next scheduled parole hearing or prolong his sentence. Mr. McBryde's speculation

11

that his failure to complete the program may have been a factor in his failure to receive an early parole review, or to be granted parole in 2013, is insufficient to defeat summary judgment.

### 3. Is the object of the coercion religious rather than secular?

In *Inouye*, the parties did not dispute that the AA/NA programs that the inmate was required to attend were substantially based in religion. 504 F.3d at 713. The court therefore concluded that the third element was satisfied. *Id*. at 713-714. Here, the parties vigorously dispute whether the mandatory portions of the Nexus program were substantially based in religion. Mr. McBryde has shown little evidence that he was actually required to participate in any religious practice to which he objected. It is unnecessary to decide if Mr. McBryde's allegations on this point are sufficient to defeat summary judgment since he clearly fails at the second step of the *Inouye* test.

## VII. Conclusion

Mr. McBryde initiated this lawsuit with a claim that the state forced him to participate in religious activities as a condition of parole. It is now clear that they did not.

Defendants have shown that there is no genuine issue of material fact as to governmental coercion of religious activity. Defendants have provided substantial

12

evidence that Mr. McBryde was not told to participate in the Nexus program as a condition of parole, but rather was simply given a recommendation with no assurance it would influence his inmate status.  After ample opportunity for discovery, Mr. McBryde has come forward with no evidence to overcome that showing.  His unsupported perceptions and conclusory allegations are insufficient to overcome Defendants' substantial evidence.

Because Mr. McBryde was not ordered or coerced into attending the Nexus program, his Establishment Clause claim fails entirely.  Given the prima facia failure of Mr. McBryde's only claim, it is unnecessary to address Defendants' qualified and absolute immunity arguments or any other asserted basis for summary judgment.


The court FINDS:

    1.    Mr. McBryde voluntarily participated in the Nexus program.

    2.    No Defendant named in the Complaint coerced Mr. McBryde into supporting or participating religion or its exercise.

It is RECOMMENDED:

    1.    The State Defendants' Motion for Summary Judgment, Doc. 53, should be **GRANTED**.

    2.    The Nexus Defendants' Second Motion for Summary Judgment, Doc.

57, should be **GRANTED**.

3. The Clerk of Court should be directed to enter judgment in favor of **DEFENDANTS**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date these Findings and Recommendations are served which is the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections must itemize each factual finding to which objection is made and must identify the evidence in the record relied upon to contradict that finding. In addition, the parties must itemize each recommendation to which objection is made and must set forth the authority relied upon to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude the parties from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of April, 2014.

                                         /s/ *Keith Strong*
                                         Keith Strong
                                         United States Magistrate Judge