IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CAMERON MCBRYDE,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG THOMAS, FERN OSLER, JULIE THOMAS, MEAGHAN SHONE, TIME KRUMB, NEXUS TREATMENT CENTER, COMMUNITY CORRECTIONS AND COUNSELING SERVICES, HOWARD LAMELY, and DERRICK GIBBS,<br><br>Defendants. | CV 12–76–H –DLC<br><br>ORDER<br><br>**FILED**<br>APR 2 9 2014<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

Plaintiff Cameron McBryde is a prisoner proceeding in forma pauperis under 42 U.S.C. § 1983, alleging Defendants violated his rights under the Establishment Clause of the United States Constitution. Defendants now move for summary judgment. United States Magistrate Judge Keith Strong entered findings and recommendations on April 7, 2014, in which he found that Mr. McBryde voluntarily participated in the Nexus program, and that no Defendant coerced Mr. McBryde into supporting or participating in religion or its exercise. Judge Strong recommended that the Court grant the Defendants' motions and enter judgment in

1

favor of the Defendants. Because the parties are familiar with the factual and procedural background in this case, it will not be repeated here.

Mr. McBryde did not timely object to the findings and recommendations, and so have waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Strong properly applied the three-step test established in *Inouye v. Kemna* to determine if there has been governmental coercion of religious activity. 504 F.3d 705, 713 (9th Cir. 2007). Judge strong found that the state did not "act" under the meaning of *Inouye* (step one), and that even if the state's recommendation that Mr. McBryde enroll in the Nexus program was an "act," it did not amount to coercion (step two). Because Mr. McBryde's claim clearly failed at step two, Judge Strong did not reach a determination on step three.

Judge Strong concluded that the Defendants did not force or coerce him to participate in religious activities as a condition of parole, and upon review of the materials filed in this case, the Court agrees. There is substantial evidence that Mr.

McBryde was not told to participate in the Nexus program as a condition of parole, but was recommended to the program based on his own request. Mr. McBryde has presented no evidence to the contrary. There is no genuine issue of material fact as to governmental coercion of religious activities. Mr. McBryde's Establishment Clause claim fails.

After a review of Judge Strong's findings and recommendations, I find no clear error. Accordingly,

IT IS ORDERED that:

(1) Judge Strong's findings and recommendations (Doc. 80) is ADOPTED in full;

(2) Defendants' motions for summary judgment (Docs. 53; 57) are GRANTED;

(3) This case is now closed. The Clerk of Court is directed to enter judgment in favor of the Defendants pursuant to Federal Rule of Civil Procedure 58(a).

Dated this 29th day of April, 2014.

Dana L. Christensen, Chief Judge
United States District Court